In the Matter of JOSEPH R. GUARDINO (Admitted as JOSEPH RICHARD GUARDINO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 7, 1992

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Westbury *(Grace D. Moran* of counsel), for petitioner.

*Joseph R. Guardino,* East Williston, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent is charged with five allegations of professional misconduct. Charge One alleged that on or about June 19, 1991, the respondent was convicted after trial of assault in the third degree, a violation of Penal Law § 120.00, a class A misdemeanor and criminal trespass in the second degree, a violation of Penal Law § 140.15, a class A misdemeanor. On the assault charge, the respondent was sentenced to three years' probation and fined $1,000. On the criminal trespass charge, the respondent was fined $1,000.

Charge Two alleged that the respondent failed to file the record of his convictions with the Appellate Division, Second Judicial Department, in violation of Judiciary Law § 90 (4) (c).

Charges Three and Four alleged that the respondent instituted an action when it was obvious that such action would serve merely to harass or maliciously injure another, and which adversely reflects on respondent's fitness to practice law, in violation of DR 7-102 (A) (1) and DR 1-102 (A) (7) of the Code of Professional Responsibility (22 NYCRR 1200.33 [a] [1]; 1200.3 [a] [7]).

Charge Five alleged that the respondent sent letters to an adversary attorney and forwarded an affidavit to the same attorney which reflect adversely on respondent's fitness to practice law, in violation of DR 1-102 (A) (7). The letter contains improper threats against the adversary attorney's client. The affidavit is improper in form and substance.

The respondent refused to appear at the disciplinary proceeding. The Special Referee submitted his report to this Court, wherein he found respondent in default and sustained all the charges. The petitioner moves to confirm the report of the Special Referee. The respondent submits an affidavit in opposition to the motion to confirm.

After a review of the evidence, we agree with the report of the Special Referee and find the respondent in default in answering and appearing. The respondent did not submit any answer to the petition and then refused to appear at the disciplinary proceeding. The petitioner's motion to confirm the report of the Special Referee is granted, and the petitioner is disbarred from the practice of law upon his default.

MANGANO, P. J., THOMPSON, BRACKEN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph R. Guardino, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended and re-signed attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Joseph R. Guardino, is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.